IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC SINKS, | : Civ. No. 1:24-CV-01735 |
| | : |
| Plaintiff, | : |
| | : |
| v. | : (Chief Magistrate Judge Bloom) |
| | : |
| UNITED STATES OF AMERICA, | : |
| | : |
| Defendant. | : |

## MEMORANDUM OPINION

## I. Introduction

This case comes before us on consideration of a motion to dismiss filed by the defendant, the United States of America. (Doc. 12). The plaintiff, Eric Sinks, filed this action under the Federal Tort Claims Act ("FTCA"), alleging that the medical providers at Federal Correctional Institute ("FCI") Allenwood were negligent in their diagnosis and care of Sinks' urinary tract infection. (Doc. 1 ¶ 33). The complaint alleges Sinks is entitled to an amount in excess of $75,000 for the physical and emotional harm caused by the defendant's negligent conduct. (*Id.* ¶¶ 33-35).

The United States has moved to dismiss the claim for lack of subject matter jurisdiction. (Doc. 12). Specifically, the United States alleges

that the plaintiff has failed to exhaust his administrative remedies prior to filing this civil action. *See* 28 U.S.C.A. § 2675. After consideration, the defendant's motion will be granted.

## II. Background

In January of 2023, while incarcerated at FCI Allenwood, Sinks began to experience symptoms of a urinary tract infection. (Doc. 1 ¶¶ 6-10). Sinks informed medical providers at FCI Allenwood of his condition, but his concerns were allegedly dismissed. (*Id.* ¶ 7). While he did receive some treatment, Sinks' condition worsened, ultimately requiring the amputation of his left testicle. (*Id.* ¶ 24). Sinks alleges the medical providers employed at FCI Allenwood failed to provide him with adequate and timely medical treatment, and this tortious conduct led to his physical and emotional suffering. (*Id.* ¶ 33).

On or around April 4, 2024, Sinks alleges he mailed an SF-95 administrative tort claim regarding his treatment at FCI Allenwood and the amputation of his testicle to the Office of Personnel Management ("OPM"), seeking $2.5 million in damages. (*See* Doc. 15 at 3; Doc. 15-1 at 1). On the same day, Sinks mailed a second administrative tort claim to OPM regarding improper medical treatment of an injury to his right foot.

2

(Doc. 15 at 3).  Sinks purchased United States Postal Service ("USPS")
mail tracking for both packages which shows that the packages were
delivered to an address in Washington, D.C. on April 4, 2024, within 30
minutes of each other.  (*See* Doc. 15-1 at 1; Doc. 15-2 at 1).

On April 10, 2024, OPM sent a letter to Sinks acknowledging
receipt of one of his administrative claims, issuing a final denial of that
claim, and informing Sinks that the proper agency to make a final
determination regarding his claim was the U.S. Bureau of Prisons
("BOP").  (Doc. 14-4 at 2).  OPM transferred the claim to the BOP and
informed Sinks of the transfer in its letter but did not specify which of
Sinks' claims the letter was referring to.  (Doc. 14-4 at 2; Doc. 14-5 at 2).
Sinks understood the letter to constitute a final denial.  (Doc. 1 ¶¶ 27-
28).  This was the only letter Sinks received from OPM concerning his
administrative tort claims.  Accordingly, Sinks subsequently filed this
action regarding the amputation of his testicle.  (*See id.*).

The United States asserts that the BOP and OPM never received a
SF-95 from Sinks regarding the amputation of his testicle.  (Doc. 14-2 at
3; Doc. 14-6 at 3; Doc. 14-10 at 3).  OPM asserts that the only claim they
received was in regard to an injury to Sinks' right foot, and it was

subsequently transferred to the BOP. (Doc. 14-2 at 2). The BOP similarly asserts it only received the claim regarding an alleged foot injury. (Doc. 14-10 at 3). OPM's electronic records do not show documentation of an SF-95 received from Sinks regarding the amputation. (Doc. 14-12). Accordingly, the United States has filed a motion to dismiss for lack of subject matter jurisdiction, arguing Sinks failed to exhaust all administrative remedies prior to commencing a civil suit. (Doc. 14 at 10). After discovering the BOP's failure to receive a SF-95 regarding his testicle amputation, Sinks emailed a claim to counsel for the United States on December 12, 2024, and separately presented the claim directly to the BOP. (Doc. 15 at 13; Doc. 16 at 8).

After consideration, we conclude that Sinks failed to exhaust his administrative remedies prior to commencing this action. Accordingly, we will grant the United States' motion to dismiss.

## III.  Discussion

### A. Motion to Dismiss — Standard of Review

The defendant has filed a motion to dismiss the complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Rule 12(b)(1) instructs a court to dismiss the matter if it lacks subject matter

jurisdiction over the complaint.  Fed. R. Civ. P. 12(b)(1).  Dismissal is required only if the claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous."  *Gould Elec. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000) (quoting *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)) (quotations omitted).

Motions under Rule 12(b)(1) can be facial or factual challenges. *Gould*, 220 F.3d 176.  A facial challenge does not contest the complaint's alleged facts, but disputes that the facts establish jurisdiction and requires a court to "consider the allegations of the complaint as true." *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006) (internal quotation marks omitted).  A factual challenge attacks allegations in the complaint that purport to establish jurisdiction, and in this posture, a defendant may present competing facts.  *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014).  A court considering a factual challenge may also "weigh and consider evidence outside the pleadings." Id. at 358 (internal quotation marks omitted).  In a factual challenge, the plaintiff has the burden of persuasion to show that jurisdiction exists. *Gould*, 220 F.3d at 178.

5

Concerning a Rule 12(b)(1) motion the procedural posture may indicate whether the challenge to the court's jurisdiction is a facial or factual attack. Where the motion comes before the defendant has answered the complaint, or "otherwise present[ed] competing facts," it must be considered facial. *Constitution Party of Pa.*, 757 F.3d at 358 (citing *Mortensen v. First Federal Sav. and Loan Ass'n.*, 549 F.2d 884, 892 n. 17 (3d Cir. 1977)); *Askew v. Church of the Lord Jesus Christ*, 684 F.3d 413, 417 (3d Cir. 2012).

" 'In sum, a facial attack 'contests the sufficiency of the pleadings,' [ ] 'whereas a factual attack concerns the actual failure of a [plaintiff's] claims to comport [factually] with the jurisdictional prerequisites.' " *Constitution Party of Pa.*, 757 F.3d at 358 (quoting *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012); *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008)).

## B. The Motion to Dismiss Will Be Granted

Prior to commencing a civil action against the United States, the FTCA requires a claimant to exhaust all administrative remedies and receive a final denial. 28 U.S.C. § 2675. The claimant must first present an administrative claim to the appropriate federal agency and receive a

6

final disposition of such claim by the agency in writing. *Id.* A claimant must present his claim within two years of accrual. 28 U.S.C. §2401(b). This "presentment" requirement cannot be waived, and failure to fulfill it prior to filing a civil suit will result in dismissal for lack of subject matter jurisdiction. *Bialowas v. U.S.*, 443 F.2d 1047, 1049 (3d Cir. 1971); *see also* 28 U.S.C. § 2675(a).

A claim is deemed to be presented when the appropriate federal agency receives written notification of the alleged tortious incident and injuries, together with a claim for money damages in sum certain. 28 C.F.R. §14.2(a). The plaintiff has the burden to prove presentment and must demonstrate the federal agency was in "actual receipt" of the claim or present strong evidence from which receipt can be inferred. *Lightfoot v. United States*, 564 F.3d 625, 628 (3d Cir. 2009); *Medina v. City of Philadelphia*, 219 F. App'x 169, 172, 172-73 (3d Cir. 2007) (not precedential) ("Proof of receipt can . . . be obtained by sending a claim by certified mail or by registered mail, or by obtaining acknowledgement of receipt from the agency itself"). If an agency fails to make a final disposition of a claim within six months of presentment, it is deemed a final denial of the claim. 28 U.S.C. § 2675.

For purposes of 28 U.S.C. §§ 2401(b), 2672, and 2675, a claim must be presented to the federal agency whose activities give rise to the claim. 28 C.F.R. § 14.2. When a claim is presented to an incorrect federal agency, that agency "shall transfer it forthwith to the appropriate agency [,]" with presentment occurring on the date of receipt by the appropriate agency. 28 C.F.R. § 14.2(b)(1); *Ahmed* v. *United States*, 334 F. App'x 512, 514 (3d Cir. 2009) (not precedential). But, "[i]f transfer is not feasible, the claim shall be returned to the claimant." 28 C.F.R. § 14.2(b)(1). When a claim is presented within the period of limitation but delivered to the wrong agency and neither transferred to the proper agency nor returned to the claimant, courts have construed Section 14.2(b)(1) to allow for constructive filing (*i.e.*, relation back) of such claims. *Bukala v. United States*, 854 F.2d 201, 203-4 (7th Cir. 1988); *Greene v. United States*, 872 F.2d 236, 237 (8th Cir. 1989). Where an agency fails to comply with Section 14.2(b)(1), a claim that is timely filed with an incorrect agency shall be deemed timely presented to the appropriate agency. *Greene*, 872 F. 2d at 237.

The United States has moved to dismiss this action pursuant to Rule 12(b)(1). Thus, we must determine if the challenge is facial or

factual.  In its motion, the defendant challenges the date on which Sinks filed his administrative tort claim.  (Doc. 14 at 4).  Since the defendant is challenging facts that purport to establish jurisdiction and has attached competing evidence in its motion, this court will treat the motion as a factual challenge.  (Doc. 14-2 ¶ 7; Doc. 14-10 ¶ 15). When considering a factual challenge under Rule 12(b)(1), this court may weigh evidence outside the pleadings, and the plaintiffs have the burden of persuasion to show jurisdiction exists.  *Gould*, 220 F.3d at 178.

Sinks offers two main pieces of evidence to establish presentment: the aforementioned USPS tracking numbers and the denial letter from OPM.  (Doc. 14-4; Doc. 15-1; Doc. 15-2).  These tracking numbers differ from certified or registered mail in that they do not require a signature upon delivery and do not provide a specified address for where the packages were delivered.  (*See* Doc. 15-1 at 1; Doc. 15-2 at 1).  The tracking numbers provide evidence that both packages were delivered to an address in Washington, DC on April 1, 2024, within 30 minutes of each other.  (*Id.*).  Sinks alleges that he sent both packages, at the same time, to OPM in Washington D.C.  (*See* Doc. 15 at 3).  Based on the

tracking numbers demonstrating delivery of both packages, we conclude both packages were delivered to the same address.

The denial letter from OPM discusses receipt of one of Sinks' claims, only referring to "your administrative tort claim alleging claims for lack of medical treatment received as a patient at LSCI medical facility." (Doc. 14-4). Both claims allegedly mailed by Sinks fit these criteria, and the letter offers no further identifying information as to the subject of the claim. Based on this letter establishing receipt of one claim by OPM, and the inference that both packages were delivered to the same address, we conclude that both claims were received by OPM in April of 2024. Sinks has therefore established presentment of his claim to OPM; however, OPM is not the appropriate agency. Presentment does not occur on the date of receipt by the incorrect agency, rather it occurs either on the date of transfer or when the appropriate agency receives the claim. *Ahmed*, 334 F. App'x at 514. There is no evidence offered that establishes the claim concerning Sinks' testicle amputation was ever transferred to or received by the BOP.

As discussed above, when an agency receives an incorrectly addressed claim, it has two options: forward the claim to the correct

agency and notify the claimant, or return the claim to the claimant. 28 C.F.R. § 14.2(b)(1). Here, it appears OPM did neither. After receiving the plaintiff's two claims, OPM transferred one claim regarding Sinks' foot to BOP, but neither transferred nor returned the second claim regarding the amputation. Accordingly, we conclude Sinks has satisfied the requirement of presentment to the appropriate agency.

However, since commencing the instant action, Sinks has presented a new SF-95 administrative claim concerning the amputation of his testicle to the BOP. (*See* Doc. 16 at 8). This raises issues that undermine the very purpose of the exhaustion requirement for FTCA claims. The FTCA is clear that a claimant must receive a final denial by the appropriate agency *prior to* commencing a civil action in district court. 28 U.S.C. § 2675. Courts have held that when a claimant fails to exhaust administrative remedies prior to filing suit, or does so before substantial progress is made in litigation, he has not satisfied the presentment requirement. *McNeil*, 508 U.S. at 111-12. Established case law prohibits retaining an active FTCA civil suit at the same time as a pending administrative tort claim on the same matter, as a pending claim is, by definition, not exhausted. *See id.* at 110-12.

11

Sinks now has a pending administrative tort claim with the BOP and a civil claim in district court, undermining the presentment requirement's very purpose of avoiding unnecessary litigation and easing court congestion. *Tucker v. United States Postal Serv.*, 676 F.2d 954, 958 (*citing* S.Rep.No.1327, 89th Cong., 2d Sess. 6. *Reprinted in* (1966) U.S. Code Cong. & Admin.News, at 2515-16). Sinks could either prevail in his administrative claim, rendering this civil action moot, or receive a final denial for the pending claim, permitting him to commence a new civil suit. Either way, it is clear that Sinks' present civil action cannot be allowed to continue while there is a pending administrative claim on the issue. Accordingly, we will grant the motion to dismiss.

IV.    Conclusion

Having found that the plaintiff has not exhausted his administrative remedies, we will grant the motion to dismiss (Doc. 12), and this case will be dismissed without prejudice.

An appropriate order follows.


_s/ Daryl F. Bloom_
Daryl F. Bloom
Chief United States Magistrate Judge

Dated: July 2, 2025